**121**

| Cranston Print Works | |
| vs. | No. 41419 |
| American Telephone & Telegraph Company | |

March 19, 1918

TANNER, P. J. This is an action on the case and is heard upon the defendant's demurrer to the amended declaration.

This is an action over by the plaintiff against the defendant by reason of the plaintiff having been obliged to pay judgment recovered against it by a third party because of the alleged negligence of the defendant in this case in leaving a stump of a pole upon plaintiff's land, the third party having been injured by falling over said stump.

The first point which we remember to have been argued was that the invitation to the public to use that is not definitely stated. There is, however, language in the declaration to the effect that that part of the lot which was adjacent to the sidewalk was kept open and used as a part of the sidewalk and had the appearance of being part of the sidewalk. This is what constituted the invitation to the public to use it. We think it is immaterial to state who gave the invitation. It is sufficient that it appears that the party who was injured had the invitation.

The next point we remember to have been argued was that it was not stated when the stump was cut down. It is, however, stated that the defendant negligently left the stump between certain dates; in other words, the plaintiff is not relying upon the mere act of cutting the stump down but of a continued maintenance of it as a nuisance between certain dates. This, we think, the plaintiff has a right to do.

The other point which we remember to have been argued was that there is a misjoinder of counts because a count upon covenants is joined with counts which are in nature ex delicto.

**122**

There seem to be two theories as to the nature of such an action over. The first is that the action arises out of the implied promise or obligation of the defendant to repay a

judgment which has been recovered against the plaintiff because of the defendant's action. The second theory is that the plaintiff is subrogated to the rights of the injured person against the defendant who was guilty of the actual wrongdoing and that the action therefore is in tort.

Precedents sustain both these theories and both forms of action. A large number of the precedents examined by us sustain the theory that the action is ex delicto. The action in the Bray case was treated as an action ex delicto. The question was not disputed in that action but forms a precedent in this state which we are inclined to follow. We will, therefore, treat the counts upon the common law action as sounding in tort. It follows that there has been a misjoinder of the counts in this case and the demurrer upon that ground is sustained.

For plaintiff: Herbert Almy.

For defendant: Edwards & Angell.

(See Rescript—Barrows, J., December 20, 1917)